FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　CASE NO. 8:19cr521 30cpT
　　　　　　　　　　　　　　　　18 U.S.C. § 1341
ROBERTA A. GUEDES,　　　　　　18 U.S.C. § 1028A(a)(1)
A/K/A "ROBERTA GUEDES-FERNANDEZ,"
A/K/A "ROBERTA GUEDES-FILIZOLA,"
A/K/A "ROBERTA CORREIA,"
A/K/A "ROBERTA SABINO-PINHO"

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Mail Fraud)

**A. Introduction**

At times material to this Information:

1. ROBERTA A. GUEDES, a/k/a "Roberta Guedes-Fernandez," "Roberta Guedes-Filizola," "Roberta Correia," and "Roberta Sabino-Pinho" ("GUEDES"), was a resident of the Middle District of Florida who owned and operated Ferguson and McKenzie, LLC and Immigration and Litigation Law Office, Inc. GUEDES represented herself as a licensed and qualified attorney when in truth and in fact, she was not licensed to practice law in the State of Florida or elsewhere.

2. Ferguson and McKenzie, LLC and Immigration and Litigation Law Office, Inc. were businesses owned, operated, and controlled by GUEDES that

purported to assist individuals and their families with immigration-related legal work, including filing of official U.S. government forms and paperwork to obtain legal immigration status in the United States, as well as non-immigration-related legal work. In truth and in fact, GUEDES used Ferguson and McKenzie, LLC and Immigration and Litigation Law Office, Inc. to falsely represent to her client-victims that she was a licensed attorney and qualified to represent them.

3. United States Citizenship and Immigration Services ("USCIS"), formerly the United States Bureau of Citizenship and Immigration Services, was an agency of the United States Department of Homeland Security ("DHS"), responsible for receiving and adjudicating immigrant and non-immigrant applications and forms. Both USCIS and DHS are departments or agencies of the United States government.

### B. The Scheme

4. Beginning on an unknown date, but at least as early as in or around September 2014, and continuing through and including the date of this Information, in the Middle District of Florida and elsewhere, the defendant,

ROBERTA A. GUEDES,
A/K/A "ROBERTA GUEDES-FERNANDEZ,"
A/K/A "ROBERTA GUEDES-FILIZOLA,"
A/K/A "ROBERTA CORREIA,"
A/K/A "ROBERTA SABINO-PINHO,"

did knowingly and willfully devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses,

2

representations, and promises.

### C. Manner and Means of the Scheme

5. It was part of the scheme and artifice to defraud that GUEDES would and did incorporate Ferguson and McKenzie, LLC in the State of Florida, using the name and personal-identity information of A.P., a Florida licensed attorney, along with another individual's name and personal-identity information, A.C., without their knowledge and permission.

6. It was further part of the scheme and artifice to defraud that GUEDES would and did incorporate Immigration and Litigation Law Office, Inc. in the State of Florida, using the name and personal-identity information of A.P., a Florida licensed attorney, along with another individual's name and personal-identity information, A.C., without their knowledge and permission.

7. It was further part of the scheme and artifice to defraud that GUEDES would and did knowingly portray herself as an attorney, expert, and representative, offering immigration-related services to aliens in the United States, family members and friends of aliens who were in the United States, and domestic family members and friends of aliens who were abroad, all of whom were in need of assistance for immigration-related matters before USCIS and other agencies.

8. It was further part of the scheme and artifice to defraud that GUEDES would and did, without A.P.'s knowledge or permission, interchangeably represent

3

herself to be A.P., to be working on A.P.'s behalf, and to be working under A.P.'s supervision.

9. It was further a part of the scheme and artifice to defraud that GUEDES would and did maintain a physical office space at 400 N. Ashley Street in Tampa, Florida, where she posed as a licensed attorney, met with client-victims, and conducted legal business.

10. It was further a part of the scheme and artifice to defraud that GUEDES would and did advertise her legal services and expertise in a number of ways, including through the use of business cards, social media, and websites containing fabricated information about her qualifications and the firms' staffing and locations.

11. It was further a part of the scheme and artifice to defraud GUEDES would and did target Portuguese-speaking Brazilian immigrants and their families, which client-victims paid GUEDES to perform immigration services on their behalf, and to represent them in immigration-related matters before local courts, USCIS and other agencies.

12. It was further a part of the scheme and artifice to defraud that GUEDES would and did complete paperwork for USCIS, file pleadings, and make personal appearances in immigration court hearings and proceedings using A.P.'s name and Florid Bar number, without A.P.'s knowledge or consent.

13. It was further a part of the scheme and artifice to defraud that GUEDES would and did assist and represent client-victims as their attorney for non-immigration matters in state and county court proceedings, including in Hillsborough County Court and Pinellas County Court.

14. It was further a part of the scheme and artifice to defraud that GUEDES would and did charge her client-victims fees for GUEDES's purported legal services and for A.P.'s purported legal representation, which A.P. neither knew about nor provided.

15. It was further a part of the scheme and artifice to defraud that GUEDES would and did deposit and cause to be deposited client-victims' funds into accounts under her control.

16. It was further a part of the scheme and artifice to defraud that GUEDES would and did knowingly create, distribute, and cause to be distributed via interstate-wire transmissions and via the mail, fraudulent letters, emails, receipts, documents, and communications to her client-victims and to USCIS on behalf of her client-victims. In doing so, GUEDES fraudulently represented that these records were sent on behalf of a bona fide attorney licensed to practice law in the State of Florida.

17. It was further a part of the scheme and artifice to defraud that GUEDES would and did use the personal-identity information of A.C., without

A.C.'s knowledge or permission, to create bank accounts and to open lines of credit, which GUEDES used for her personal expenses as well as to facilitate the operation of Ferguson and McKenzie, LLC and Immigration and Litigation Law Office, Inc.

18. It was further a part of the scheme and artifice to defraud that GUEDES would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of, and the acts done in furtherance of, said scheme.

### D. The Execution of the Scheme

19. On or about June 13, 2015, in the Middle District of Florida and elsewhere, the defendant,

> ROBERTA A. GUEDES,
> A/K/A "ROBERTA GUEDES-FERNANDEZ,"
> A/K/A "ROBERTA GUEDES-FILIZOLA,"
> A/K/A "ROBERTA CORREIA,"
> A/K/A "ROBERTA SABINO-PINHO,"

for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, caused to be mailed by United States mail or any private or commercial interstate carrier, according to the direction thereon, from Tampa, Florida to the USCIS Vermont Service Center in St. Albans, Vermont, an envelope that contained a letter addressed to USCIS from Immigration and Litigation Law Office, Inc., purportedly signed by A.P. and bearing A.P.'s Florida Bar number, on behalf of client-victims L.R. and M.M., along with supporting documentation for an

I-130 petition.

In violation of 18 U.S.C. §§ 1341 and 2.

## COUNT TWO
### (Aggravated Identity Theft)

20. Paragraphs 1 through 18 of this Information are realleged and incorporated by reference as if fully set forth herein.

21. On or about June 13, 2015, in the Middle District of Florida and elsewhere, the defendant,

> ROBERTA A. GUEDES,
> A/K/A "ROBERTA GUEDES-FERNANDEZ,"
> A/K/A "ROBERTA GUEDES-FILIZOLA,"
> A/K/A "ROBERTA CORREIA,"
> A/K/A "ROBERTA SABINO-PINHO,"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, A.P.'s name and Florida Bar number, during and in relation to a felony violation of mail fraud, in violation of 18 U.S.C. § 1341, as charged in Count One of this Information, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURES

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1341, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $5,000, which represents the amount of proceeds obtained from the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Francis D. Murray
Assistant United States Attorney

By: _____
Amanda L. Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division