AF Approval _____          Chief Approval _____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                    CASE NO.  8:19-cr-521-T-30CPT

ROBERTA A. GUEDES,
A/K/A "ROBERTA GUEDES-FERNANDEZ,"
A/K/A "ROBERTA GUEDES-FILIZOLA,"
A/K/A "ROBERTA CORREIA,"
A/K/A "ROBERTA SABINO-PINHO"

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, Roberta A. Guedes, and the attorney for the

defendant, Jason M. Mayberry, Esq., mutually agree as follows:

**A.**    **Particularized Terms**

    1.    Counts Pleading To

The defendant shall enter a plea of guilty to Count One and

Count Two of the Information. Count One charges the defendant with mail

fraud, in violation of 18 U.S.C. § 1341. Count Two charges the defendant with

aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1).

Defendant's Initials _____

2.   Maximum Penalties

Count One carries a maximum sentence of 20 years' imprisonment, a fine of up to $250,000, a term of supervised release of not more than three years, and a special assessment of $100 per felony count for individuals. Count Two carries a mandatory, consecutive two-year term of imprisonment, a fine of up to $250,000, a maximum term of supervised release of one year, and a $100 special assessment. With respect to certain offenses, the Court shall order the defendant to make restitution to any victims of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victims of the offenses, or to the community, as set forth below.

3.   Elements of the Offenses

Count One

The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:     the defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

Second:   the false pretenses, representations, or promises were about a material fact;

Defendant's Initials  ____

2

Third:     the defendant intended to defraud someone; and

Fourth:    the defendant used the United States Postal Service by mailing or causing to be mailed, or a private or commercial interstate carrier by depositing or causing to be deposited with the carrier, something meant to help carry out the scheme to defraud.

### Count Two

The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

First:     the defendant knowingly transferred, possessed, or used another person's means of identification;

Second:   without lawful authority; and

Third:     during and in relation to the felony offense of mail fraud, as alleged in Count One of the Information.

4.    **Indictment Waiver**

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the

Defendant's Initials _PO_

3

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. <u>Mandatory Restitution to Victims of Offense</u>

Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees to make full restitution to the victims of this offense. The defendant acknowledges that the amount of restitution will be at least $5,000.00, and that the final amount of restitution will be determined by the Court at sentencing. The final, total amount of restitution owed shall be offset by any restitution agreed to be paid to victims by Guedes in *The Florida Bar v. Roberta Guedes*, No. SC18-782.

7. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _____

4

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot

Defendant's Initials _____

5

and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.   Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as

Defendant's Initials _____

6

"substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.     Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11.     Cooperation - Responsibilities of Parties

a.      The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However,

Defendant's Initials ___P___

7

the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights,

Defendant's Initials ____

8

as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books,

Defendant's Initials _____

papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the $5,000.00 in proceeds the defendant admits she obtained, as the result of the commission of the offense to which the defendant is pleading guilty. The defendant acknowledges and agrees that: (1) the defendant obtained this amount as a result of the commission of the offense, and (2) as a result of the acts and omissions of the defendant, the proceeds have been

Defendant's Initials 

10

transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offense of conviction. The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offense. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2 (b) (3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any

Defendant's Initials _B̶C̶_

11

other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to

Defendant's Initials _____

12

the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

Defendant's Initials _P__

13

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

B.   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that

Defendant's Initials _P/_

compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed

Defendant's Initials ___Pr___

15

from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including

Defendant's Initials _Py_

16

those held by a spouse, dependent, nominee or other third party. The

defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by

the defendant, directly or through a nominee, and, by the execution of this

Plea Agreement, consents to the release of the defendant's tax returns for the

previous five years. The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

concerning the defendant, for the purpose of making any recommendations to

the Court and for collecting any assessments, fines, restitution, or forfeiture

ordered by the Court. The defendant expressly authorizes the United States

Attorney's Office to obtain current credit reports in order to evaluate the

defendant's ability to satisfy any financial obligation imposed by the Court.

     6.    <u>Sentencing Recommendations</u>

        It is understood by the parties that the Court is neither a party to

nor bound by this agreement. The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office. The defendant

understands and acknowledges that, although the parties are permitted to

Defendant's Initials _____

make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

Defendant's Initials _____

18

the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

    8.    <u>Middle District of Florida Agreement</u>

    It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

    9.    <u>Filing of Agreement</u>

    This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

    10.    <u>Voluntariness</u>

    The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other

Defendant's Initials _____

than the concessions contained herein), and without threats, force,

intimidation, or coercion of any kind.  The defendant further acknowledges

defendant's understanding of the nature of the offense or offenses to which

defendant is pleading guilty and the elements thereof, including the penalties

provided by law, and defendant's complete satisfaction with the representation

and advice received from defendant's undersigned counsel (if any).  The

defendant also understands that defendant has the right to plead not guilty or

to persist in that plea if it has already been made, and that defendant has the

right to be tried by a jury with the assistance of counsel, the right to confront

and cross-examine the witnesses against defendant, the right against

compulsory self-incrimination, and the right to compulsory process for the

attendance of witnesses to testify in defendant's defense; but, by pleading

guilty, defendant waives or gives up those rights and there will be no trial.

The defendant further understands that if defendant pleads guilty, the Court

may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record,

and in the presence of counsel (if any), defendant's answers may later be used

against defendant in a prosecution for perjury or false statement.  The

defendant also understands that defendant will be adjudicated guilty of the

offenses to which defendant has pleaded and, if any of such offenses are

Defendant's Initials _____

felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

      11.   <u>Factual Basis</u>

      Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

      Roberta A. Guedes, also known as "Roberta Guedes-Fernandez," "Roberta A. Guedes-Filizola," "Roberta Antunes Correia Guedes," and "Roberta Sabino-Pinho" ("Guedes"), was at all times material to these facts a resident of the Middle District of Florida. In 2014, Guedes graduated with a law degree from Stetson Law School but twice failed the Florida Bar exam. Guedes is not and has never been licensed to practice law in Florida nor in any other state.

      In September 2014, Guedes incorporated Ferguson and McKenzie, LLC with the Florida Department of State, Division of Corporations. Without their knowledge or permission, Guedes listed A.C. as a Vice President and manager, and listed Florida licensed attorney A.P. (also a graduate of Stetson Law School) as a registered agent for the corporation. On November 15, 2014,

Defendant's Initials  <u>        </u>

21

Guedes incorporated Immigration and Litigation Law Office, Inc., again listing A.C. and A.P in the above-described roles without their knowledge or permission. Guedes created these two entities so that she could pose as a licensed attorney and provide legal services, including immigration services, to her client-victims.

Guedes used mass-marketing to promote her purported legal services. She created a website for Ferguson and McKenzie, LLC and later for Immigration and Litigation Law Office, Inc. The websites touted falsified national and international office locations, as well as fake law-firm partners, showing stock photos of professionals and names of individuals who were not members of the Florida Bar. Guedes also falsely listed A.P. as an attorney practicing law with Immigration and Litigation Law Office, Inc., when in fact Guedes was the only individual working at that company. Guedes also created and circulated business cards, both in her own name and that of A.P., falsely representing herself and A.P. to be lawyers for Ferguson and McKenzie, LLC. Moreover, Guedes maintained a physical office space at 400 N. Ashley Drive in Tampa, Florida, which is in the Middle District of Florida. There, she personally met with client-victims, received payments, made and received phone calls, and sent and received mail on her client-victims' behalf.

Defendant's Initials _____

22

Guedes took on multiple client-victims, misrepresenting herself to be a licensed attorney and at other times impersonating A.P. without A.P.'s knowledge or permission. For example, in 2015, Guedes began representing L.R. L.R. retained Guedes to help bring L.R.'s Brazilian daughter, M.M., to the United States by way of an I-130 petition. On March 27, 2015, Guedes and L.R. executed an attorney-client agreement. The contract bore Immigration and Litigation Law Office, Inc. letterhead and, among other things, outlined the scope of Guedes's representation. L.R. and Guedes signed the contract. Under Guedes's signature, the contract read: "Immigration & Litigation Law Office, Roberta Guedes, Attorney Fla. Bar No. [A.P.'s Florida Bar number]." L.R. paid Guedes several thousand dollars for her legal representation, which Guedes deposited into bank accounts under Guedes' control. Over several months, Guedes assisted and represented L.R. in L.R.'s immigration matter. Guedes's services included giving legal advice, providing directives, and exchanging emails with L.R.'s then fiancé, E.H., who was gathering documentation to file as a joint-sponsor for M.M's immigration petition. Guedes sent multiple emails to L.H. from Guedes's pseudo law firm email address, signing the emails "Roberta Guedes, Esq."

As part of her representation in L.R. and M.M.'s immigration matter, and to help carry out Guedes's fraudulent scheme, Guedes used the United

Defendant's Initials _P&_

23

States Postal Service to mail correspondence to the United States Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security. For example, on June 13, 2015, Guedes mailed an envelope from Tampa, Florida, to USCIS's Vermont Service Center in St. Albans, Vermont. The envelope contained a letter from Immigration and Litigation Law Office, Inc. The letter accompanied additional documentation in support of L.R.'s I-130 petition for M.M. Guedes signed the letter using A.P.'s name and also listed A.P.'s unique Florida Bar license number, all without A.P.'s knowledge or permission.

Guedes also took on several other paying client-victims to whom she likewise misrepresented herself as a licensed attorney. In late 2014, L.R.'s sister, R.M., retained Guedes to be her divorce attorney. Guedes wrote letters to R.M.'s spouse in Guedes's purported capacity as R.M.'s attorney and put together a Marital Settlement Agreement, as well as several other related documents. Guedes also drafted the petition to dissolve R.M.'s marriage, which was filed in Pinellas County Court in January 2015.

Another paying client-victim, N.N., hired Guedes to help him secure legal status in the United States and also to assist him with divorcing his Brazilian wife. Guedes agreed to represent N.N. as his attorney in both matters. Guedes wrote letters in Portuguese "in [her] capacity" as N.N.'s

Defendant's Initials _____

24

attorney to his spouse's attorney in Brazil. Moreover, on January 8, 2015, Guedes drove N.N. to his immigration hearing in Orlando, Florida. At the hearing, Guedes made a personal appearance in front of Immigration Judge Daniel Lippman, falsely representing herself as "A.P." Guedes made a second such appearance at the continued hearing on July 30, 2015, again falsely representing herself as and impersonating A.P. during a telephone call with Judge Lippman. Guedes filed at least two pleadings in N.N.'s proceeding under A.P.'s name.

A.P. was unaware of any of the abovementioned client-victims or their legal matters and never represented them in any capacity.

In 2015, Guedes also agreed to represent client-victim A.B. On December 10, 2015, Guedes appeared at the Hillsborough County courthouse and filed a petition for injunctive relief on behalf of A.B. While attempting to get the Court to hear the petition that day, Guedes misrepresented herself as an attorney to both Judge Frances M. Perrone and Judge Chet A. Tharpe.

Guedes furthered her fraudulent scheme by using A.C.'s name, social security number, birthdate, and other personal-identity information ("PII"), without A.C.'s knowledge or permission, to open bank accounts and secure lines of credit. For example, Guedes used A.C.'s PII to open two Wells Fargo business market savings accounts for Immigration and Litigation Law Office,

Defendant's Initials _B̶r̶_

Inc., which Guedes used to further her scheme. Guedes also used A.C.'s PII to successfully apply for access devices and accompanying lines of credit with American Express, Synchrony Bank (Walmart), Capital One, and U.S. Bank (Korean Air SKYPASS). Guedes used the access devices to charge personal expenses and business-related expenses for Ferguson and McKenzie, LLC and Immigration and Litigation Law Office, Inc. to these credit lines.

In total, Guedes's scheme involved at least six client-victims and resulted in intended loss of at least $20,000 and actual loss of at least $5,000.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _P__

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _28th_ day of _OCTOBER_, 2019.


MARIA CHAPA LOPEZ
United States Attorney


_Roberta Guedes_
Roberta A. Guedes
Defendant


_Francis D. Murray_
Francis D. Murray
Assistant United States Attorney


_Jason M. Mayberry_
Jason M. Mayberry
Attorney for Defendant


_Amanda L. Riedel_
Amanda L. Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division