**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case Number: 8:19-cr-521-T-30CPT |
| v. | USM Number: 73160-018 |
| **ROBERTA A. GUEDES** | Jason Matthew Mayberry, Retained |

**AMENDED* JUDGMENT IN A CRIMINAL CASE**

Defendant pleaded guilty to Counts One and Two of the Information. Defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | June 13, 2015 | One |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | June 13, 2015 | Two |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

November 18, 2020

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

November 20, 2020

---

* Amended only to correct the total restitution amount on page 6 and the corresponding attachment (page 7). No further changes made.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Roberta A. Guedes**
**8:19-cr-521-T-30CPT**

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FIFTY-FOUR (54) MONTHS. This term consists of a 30-month term as to Count One and a 24-month term as to Count Two, all such terms to run consecutively.**

The Court makes the following recommendation to the Bureau of Prisons:

- Confinement at Alderson FPC to be close to family.

Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on a specific date as directed by the Bureau of Prisons.

Defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Roberta A. Guedes**
**8:19-cr-521-T-30CPT**

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of **THIRTY-SIX (36) MONTHS. This term consists of a 36-month term as to Count One and a 12-month term as to Count Two, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant must refrain from any unlawful use of controlled substance. Defendant must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. Defendant must submit to random drug testing not to exceed 104 tests per year.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
5. Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

**Roberta A. Guedes**
**8:19-cr-521-T-30CPT**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10    days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Roberta A. Guedes**
**8:19-cr-521-T-30CPT**

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

3. Defendant shall provide the Probation Officer access to any requested financial information.

4. The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, Defendant must submit to random drug testing not to exceed 104 tests per year.

**Roberta A. Guedes**
**8:19-cr-521-T-30CPT**

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|
| $200.00 | $14,318.26 *(see attached payment schedule)* | Waived | N/A | N/A |

Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Restitution: The Defendant shall pay restitution in the amount of $14,318.26 to the victims pursuant to the schedule agreed to by the Defendant with the Government, attached hereto. Additionally, the total amount of restitution owed shall be offset by any restitution agreed to be paid to the victims by Guedes in *The Florida Bar v. Roberta Guedes*, No. SC18-782 as stipulated in the plea agreement. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. While in Bureau of Prisons custody, you shall either (1) pay $25 quarterly if you have a non-Unicor job or (2) pay 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you are ordered to begin making payments of $50 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. The Court finds that the Defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, attached hereto, that are subject to forfeiture.

_____

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pu. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

| Victim | Restitution Claim | Payment Address | Other |
|---|---|---|---|
| L.R. | $2,982 | 4730 67th Ave N. Pinellas Park, FL 33781 | Offset by FL Bar payments under 18 U.S.C. § 3664(j)(2)(B). |
| R.M. | $250 | 3813 Gulf Blvd. Apt 414 St Pete Beach, FL 33706 | Offset by FL Bar payments under 18 U.S.C. § 3664(j)(2)(B). |
| N.N. | 1,500 | 115 S. Lois Ave Apt 217 Tampa, FL. 33609 | Offset by FL Bar payments under 18 U.S.C. § 3664(j)(2)(B). |
| M.L. | 0 | | |
| T.J. | 0 | | |
| A.B. | 0 | 7104 Halifax Ct. Tampa, FL. 33615 | |
| A.C. | $1,019.49 | 1917 E. Hanna Ave. Tampa, FL. 33610 | |
| A.P. | $900 | 8355 Wrens Way Pass Largo, FL. 33773 | |
| Capital One Bank | $3,851.87 | 1680 Capital One Dr. McLean, VA. 22101-3491 | Insurance company may be substituted as the victim under 18 U.S.C. § 3664(j)(1) |
| American Express | $3,293.02 | Three World Financial Center, 200 Vesey St. NY, NY. 10285-4803 | Insurance company may be substituted as the victim under 18 U.S.C. § 3664(j)(1) |
| U.S. Bank | $249.32 | 800 Nicollet Mall, Minneapolis, MN. 55402 | Insurance company may be substituted as the victim under 18 U.S.C. § 3664(j)(1) |
| Synchrony Bank/Walmart | $272.56 | 950 Forrer Blvd. Kettering, OH. 45420 | Insurance company may be substituted as the victim under 18 U.S.C. § 3664(j)(1) |
| **Total:** | $14,318.26 | | |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-521-T-30CPT

ROBERTA A. GUEDES

**ORDER OF FORFEITURE**

THIS CAUSE comes before the Court upon the United States of America's motion for an order of forfeiture against the defendant in the amount of $5,000.00.

Being fully advised of the relevant facts, the Court hereby finds that at least $5,000.00 was obtained by the defendant as a result of her mail fraud scheme, for which she has pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held liable for an order of forfeiture in the amount of $5,000.00.

It is FURTHER ORDERED that, because the $5,000.00 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, forfeiture of any of the defendant's property up to the value of $5,000.00.

It is FURTHER ORDERED that, upon entry, this order shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the order of forfeiture.

DONE and ORDERED in Tampa, Florida, this 13th day of March, 2020.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record